UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WILLIAM J. NETTING, JR.,

        Petitioner,

v.                                          Case No. 3:14-cv-872-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

---

## ORDER

### I.   STATUS

Petitioner challenges a 2008 (Duval County) conviction for robbery.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1. He filed the Petition on July 21, 2014, pursuant to the mailbox rule.[1]   He raises eleven grounds in the Petition.  Respondents filed a Motion to Dismiss (Response) (Doc. 17), and they calculate that the Petition is untimely filed.   In support of the Response, they submitted Exhibits (Doc. 21).[2]  Petitioner filed a Reply (Doc. 27).

---

[1]   The Court gives pro se inmate petitioners the benefit of the mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988).  See 28 U.S.C. § 2244(d).  In this instance, the Petition was provided to the prison authorities for mailing and stamped on July 21, 2014. Petition at 48.  See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts ("If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.").

[2] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each

<u>See</u> Order (Doc. 6).

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

---

page of the Appendix.  Otherwise, the page number on the particular document will be referenced.  The Court will reference the page numbers assigned by the electronic docketing system where applicable.

> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

To adequately address Respondents' contention that Petitioner has failed to comply with the limitations period, the Court will provide a brief procedural history.   Petitioner was charged by amended information with robbery.   Ex. A at 17.   A jury returned a verdict of guilty as charged.   Id. at 193; Ex. D at 297.

On March 26, 2008, the trial court sentenced Petitioner to 15 years in prison.   Ex. B at 275.   Petitioner appealed.   Ex. E; Ex. F.   On March 12, 2009, the First District Court of Appeal affirmed per curiam.   Ex. G.   The mandate issued on March 30, 2009.   Id. The conviction became final on June 10, 2009 (90 days after March 12, 2009) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The limitation period began to run on June 11, 2009, and ran for a period of 222 days, until Petitioner, on January 19, 2010, filed a Rule 3.850 motion for post conviction relief in the circuit court.[3]   Ex. I at 1-58.   This post conviction motion tolled the

---

[3] The Court notes that Respondents based their calculations on the filing date, January 25, 2010, rather than the date that the

limitations period until the mandate issued on September 27, 2012.

Ex. M.  The limitations period began to run on September 28, 2012,

and ran for a period of 69 days, until Petitioner file a second

Rule 3.850 motion on December 6, 2012.[4]  Ex. N.  This motion tolled

the limitations period, and it remained tolled until the mandate

issued on December 31, 2013.[5]    Ex. S.    The petition for

discretionary review, Ex. JJ, filed December 31, 2013, tolled the

---

document was date-stamped as provided to the institution for
mailing.  As stated previously, this Court will give Petitioner the
benefit of the mailbox rule.  Thus, the Court rejects Respondents'
calculations to the extent Respondents fail to give Petitioner the
benefit of the mailbox rule.

[4] Again, the Court does not accept Respondents' calculation as
they did not give Petitioner the benefit of the mailbox rule and
referenced the filing date of February 28, 2013, instead of the
"Legal Mail" date, December 6, 2012, stamped on the motion.  Ex. N
at 1.

[5] Of note, successive state court filings constitute properly
filed applications for tolling purposes.  Weekley v. Moore, 244
F.3d 874, 876 (11th Cir. 2001).  If found untimely by the state
court, however, this Court would give deference to the state court
finding and not consider the post conviction motion for tolling
purposes under 28 U.S.C. § 2244(d)(2).  Webster v. Moore, 199 F.3d
1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991
(2000).  See Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318
(11th Cir. 2006) (even if state court denies on alternative
grounds, if found untimely, it is not properly filed and does not
toll), cert. denied, 550 U.S. 922 (2007); Ousley v. Sec'y for the
Dep't of Corr., 269 F. App'x 884, 888 (11th Cir. 2008) (per curiam)
(second Rule 3.850 motion was untimely under state law and does not
toll   the   limitations   period);   Maloy   v.   Crews,   No.
3:13cv486/LAC/EMT, 2014 WL 3805575, at *3 (N.D. Fla. Aug. 1, 2014)
(Not Reported in F.Supp. 3d) (If untimely as well as successive,
the Rule 3.850 motion was not properly filed and failed to qualify
for tolling purposes).  If found untimely, "that is the end of the
matter for purposes of § 2244(d)(2)."  Ousley, 269 F. App'x at 888
(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).

limitations period until it was dismissed as moot on January 17, 2014.   Ex. KK.   See Matos v. Sec'y, Fla. Dep't of Corr., 603 F. App'x 763, (11th Cir. 2015) (per curiam) (counting the period from the date the Florida Supreme Court declined to accept jurisdiction of an appeal).   The petition for discretionary review, filed on December 31, 2013, also tolled the limitations period.   Ex. LL. The parties briefed jurisdiction.   Ex. MM; Ex. NN.   On June 16, 2014, the Supreme Court of Florida declined to accept jurisdiction and denied the petition for review.   Ex. OO.   Thus, the limitations period began to run again on June 17, 2014.   After running the final 74 days, the one-year limitations period expired on Saturday, August 30, 2014.[6]   The federal petition was due to be filed by Tuesday, September 2, 2014.[7]   Petitioner timely filed his federal petition on July 21, 2014.

---

[6] On April 24, 2013, Petitioner filed a petition for belated appeal that was treated as a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  Ex. T; Ex. W; Ex. X; Ex. Y.   The First District Court of Appeal per curiam denied the petition on August 23, 2013.   Ex. Z.   He had fifteen days from the August 23, 2013 order to file a motion for rehearing, but did not file one.  See Fla. R. App. P. 9.330(a).   Thus, he had until Monday, September 9, 2013 to file a motion for rehearing (the fifteen-day period expired on Saturday, September 7, 2013).   The pendency of this petition is subsumed within the period of the pendency of the second Rule 3.850 motion.   In addition, Petitioner filed a petition for discretionary review on September 17, 2013, Ex. PP, and the Supreme Court of Florida dismissed the petition on October 15, 2013, finding it was without jurisdiction.   Ex. QQ. Its pendency is also subsumed within the period of the pendency of the second Rule 3.850 motion.

[7] Monday, September 1, 2014, was a federal holiday.

Of note, Petitioner's Petition for Writ of Mandamus did not serve to toll the limitation period.   Ex. AA; Ex. CC; Ex. DD; Ex. EE; Ex. FF; Ex. GG; Ex. HH; Ex. II.   A discovery motion does not toll AEDPA's limitation period, and neither does a Rule 3.853, Fla. R. Crim P. motion for DNA testing.  Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1337-38 (11th Cir. 2008).   These types of motions are not direct requests for judicial review, nor do they provide the circuit court with authority to order relief from judgment.  Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (citation omitted).

This Court previously rejected the contention that a mandamus petition seeking an order from the trial court directing counsel to provide Petitioner with free copies of records and files constituted a tolling motion.  Ramirez v. Sec'y, DOC, No. 3:13-cv-979-J-39JRK, 2015 WL 6704312, at *3 (M.D. Fla. Nov. 3, 2015) (Not Reported in F.Supp.3d).   In this type of proceeding, the state court would lack the authority to order relief from the conviction and sentence.   A motion/petition that does not directly challenge an underlying conviction or sentence will not trigger the tolling provisions of AEDPA.  Phillips v. Culliver, No. 06-00816-KD-B, 2009 WL 3414280, at *4 n.7 (S.D. Ala. Oct. 16, 2009) (Not Reported in F.Supp.2d).   It may lead to material that might help in developing a challenge, but it is not a collateral attack.

Based on all of the foregoing, the Petition, filed on July 21, 2014, pursuant to the mailbox rule, is timely.   Therefore, Respondents' Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

1.   Respondents' Motion to Dismiss (Doc. 17) is **DENIED.**

2.   Respondents shall provide the Court with a copy of the transcript of the state court evidentiary hearing (conducted on May 17, 2011, June 17, 2011, and June 30, 2011) by **February 21, 2017.**

3.   Respondents shall respond to the Petition by **March 14, 2017.**

4.   Petitioner shall file his reply by **March 31, 2017.**

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of January, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/19
c:
William J. Netting, Jr.
Counsel of Record